UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEE MAHER and
SELECTIVE INSURANCE COMPANY
OF SOUTH CAROLINA,

     Plaintiffs,                                             Case No. 15-10790

v.                                                HON. AVERN COHN

FEDERATED SERVICE INSURANCE
COMPANY, AON AUTOMOTIVE
GROUP, INC. d/b/a BROOKLYN FORD
and MELISSA STRANG,

     Defendants.

_____/

<u>**MEMORANDUM AND ORDER**</u>
<u>**GRANTING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

## I. INTRODUCTION

This is a dispute between insurance companies. Plaintiffs William Lee Maher ("Maher") and Selective Insurance Company of South Caroline ("Selective")[1] seek a declaration that Defendant Federated Service Insurance Company ("Federated") owes a duty to defend and indemnify Maher up to the limits of the insurance policy it issued to Aon Automotive Group, Inc. d/b/a Brooklyn Ford ("Brooklyn Ford") in an automobile accident case pending in the Jackson County Circuit Court, <u>Melissa Strang v. William Lee Maher and Aon Automotive Group, Inc. d/b/a Brooklyn Ford</u> ("the underlying case").

Now before the Court is the Plaintiffs' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (Doc. 11). For the reasons that follow, the motion is GRANTED.

_____

[1] Collectively "Plaintiffs" where appropriate.

## II.  BACKGROUND

### A.  Factual Background

#### 1.

When reviewing a motion for judgment on the pleadings, the Court assumes that well-plead facts alleged by the non-movant are true. <u>Finisair Corp. v. Cheetah Omni, LLC.</u>, No. 11-cv-15625, 2012 WL 6949236 at *1 (E.D. Mich. Dec. 10, 2012).

#### 2.

#### a.

At the time of the underlying case, Maher was an employee of West Michigan Auto Auction ("West Michigan Auto"). Brooklyn Ford has a contract with West Michigan Auto to auction vehicles Brooklyn Ford owns. Before an auction, West Michigan Auto sends an employee to pick up the vehicles from Brooklyn Ford and takes them to the auction site. West Michigan Auto provides its own license plates for the vehicles which its employee attaches prior to taking a vehicle from Brooklyn Ford to the site.

On August 1, 2013, Melissa Strang ("Strang") says that she sustained injuries as a result of an automobile accident involving Maher while he was driving a Brooklyn Ford vehicle to an auction. Maher was acting within the course and scope of his employment with West Michigan Auto. He had changed the plate on the Brooklyn Ford vehicle to the plate provided by West Michigan Auto. Maher was driving the Brooklyn Ford vehicle with Brooklyn Ford's permission at the time of the accident.[2]

---

[2] In its Response, Brooklyn Ford argued that there is an unresolved question of bailment and whether possession and control of a Brooklyn Ford vehicle was given to Michigan West Auto prior to the accident; therefore, the pending motion is premature. However, the argument is without merit, because there is no dispute between the parties regarding the fact that Maher was driving a Brooklyn Ford owned vehicle with

## B. Procedural Background

In June 2014, Strang filed the underlying case.

At the time of the accident, West Michigan Auto was insured by Selective. Because Maher was acting within the scope of his employment for West Michigan Auto at the time of the accident, initially Selective provided a defense to Maher with respect to the underlying case.

In September 2014, Maher tendered his defense and indemnity with respect to the underlying case to Federated on the grounds that Brooklyn Ford was the owner of the vehicle involved in the accident (Doc. 1, Ex. 2). Commercial Package Policy, No. 9196563, issued by Federated to College Chevrolet Buick Pontiac LLC, with effective dates of 01-01-2013 to 01-01-2014 (the "Federated Policy") was in place at the time of the accident. Brooklyn Ford is identified as an "Additional Named Insured" under the policy. Federated initially denied Maher's request citing a specific provision referred to as the Auto Sales Exception within the "Who Is An Insured" provision in the Garage Coverage section of the Federated Policy (Doc. 1, Ex. 3). The Auto Sales Exception states as follows:

> 3. Who Is An Insured?
>     a. The following are "insureds" for covered "autos":
> ***
>         2. Anyone else while using with your permission a covered "auto" you own, hire or borrow **except**:
> ***
>             (c) **Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations."**

---

Brooklyn Ford's permission at the time of the incident (Doc. 1, ¶ 10; Doc. 5, ¶ 20; Doc. 14, ¶ 10). As such, there is no unresolved issue of bailment.

(Doc. 2, Ex. B)(emphasis added). Maher disputed Federated's denial. Federated later agreed to defend Maher with respect to the underlying case subject to a full reservation of rights.

In June 2015, Plaintiffs filed the pending motion for judgment on the pleadings seeking a declaration pursuant to MCR 2.605 that Federated has the sole and primary duty to defend and indemnify Maher in the underlying case up to the limits of any insurance policy it insured Brooklyn Ford (Doc. 11). Plaintiffs further seek a declaration that Federated is obligated and has a duty to reimburse Selective for any defense costs that have been incurred in connection with the defense of Maher in the underlying case.

### III. LEGAL STANDARD

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) utilizes the same pleading standard applicable under Rule 12(b)(6). Wee Care Child Ctr., Inc. v. Lumpkin, 680 F.3d 841, 846 (6th Cir. 2012). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Poplar Creek Development Co. v. Chesapeake Appalachia, L.L.C., 636 F.3d 235, 240 (6th Cir. 2011). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The Court is "not bound to accept as true a legal

4

conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

## IV. DISCUSSION

### A.  Validity of the Auto Sales Exception Provision under Michigan Law

#### 1.

Plaintiffs say that based on the record before the Court, Federated has the sole and exclusive duty to defend and indemnify Maher up to the limits of any policy that it has issued to Brooklyn Ford that was in effect at the time of the accident. In support, Plaintiffs cite Michigan's No-Fault Act, M.C.L. § 500.3101(1), which requires that a policy of auto insurance issued to the owner of a vehicle must provide primary insurance for residual liability arising from the permissive use of the vehicle. Citizens Ins. Co. of America v. Federated Mut. Ins. Co., 448 Mich. 225, 229 (1995). Plaintiffs say Federated's Auto Sales Exception provision is void as a matter of law because

Federated is attempting to exclude from coverage an entire class of permissive users, i.e. those permissive users of vehicles owned by Brooklyn Ford separate from Brooklyn Ford's "garage operations."

To support its argument, Plaintiffs cite multiple cases which reiterate the rule that Auto Sales Exception provisions that preclude coverage for permissive users of insured vehicles are invalid under Michigan law. Plaintiffs' focus on the holding in Citizens Ins., supra. In Citizens Ins., Federated attempted to deny liability coverage by operation of an Auto Sales Exception provision to a certain class of permissive users, namely permissive users except those that were uninsured or underinsured. The Michigan Supreme Court held that this was not something that Federated could lawfully do because it violated the No-Fault Act. Id. at 234-35. The Michigan Supreme Court found that the Auto Sales Exception provision was invalid and that Federated owed coverage for the loss. Id. at 235. See also Auto-Owners Ins. Co. v. Martin, 284 Mich. App. 427 (2009)(rejected an insurer's reliance upon a permissive use exception under which the primary coverage obligation for a dealer-owned vehicle shifted to a customer's personal auto policy).

In response, Federated says that the cases cited by Plaintiffs do not directly apply to the situation here. Federated says the cases cited refer to situations when the Auto Sales Exception provision shifts the primary coverage obligation for a dealer-owned vehicle to a customer's personal auto policy. In contrast, here, the Auto Sales Exception provision allocates primary residual liability to West Michigan Auto – and that business's corresponding business auto policy – whose operations primarily were being conducted when the accident occurred.

6

Federated's argument is without merit; the Auto Sales Exception provision is unenforceable. Federated admits that the provision, if enforced, would preclude coverage to an entire class of permissive users but argues that its provision is materially different than any other void Auto Sales Exception provision. Federated says that because the purpose of the Auto Sales Exception provision is to shift liability to West Michigan Auto and not Maher personally, there is a distinction between the case law Plaintiffs cite and the case law it cites. However, the case law interpreting the No-Fault Act draws no such distinction.  Michigan courts have held similar provisions to the Auto Sales Exception provision in question to be void. In both <u>Citizens Ins. Co. of America v. Chrysler Ins. Co.</u>, 2001 WL 1135298 (Mich. App.) and <u>Flint Auto Auction, Inc. v. Universal Underwriters Ins. Co.</u>, 2013 WL 6409984 (E.D. Mich. 2013), the court voided the exclusionary provision in dispute between an owner's carrier and a driver's employer's carrier. Further, Michigan courts are clear in their holdings that the key question to determine coverage is whether the language of the policy, if enforced, would preclude coverage to a certain class of permissive users. (The "no-fault act unambiguously requires that a policy of automobile insurance, sold to a vehicle owner pursuant to the act, must provide coverage for residual liability arising from *use* of the vehicle so insured." <u>Citizens</u>, <u>supra</u> at 230. See also <u>Martin</u>, <u>supra</u> at 446 finding that the distinctions between various exclusionary clauses while valid were immaterial).

**2.**

Federated cites two unreported Michigan appellate decisions, both of which were decided after <u>Citizens Ins.</u> which address Auto Sales Exception provisions similar to the provision in Federated's policy. Federated says that the two cases uphold the provisions

7

as valid under Michigan law. The Court disagrees; neither case supports Federated's position. [3]

### a.

In Citizens Ins. Co. of Am. v. Chrysler Ins. Co., 2001 WL 1135298 (Mich. Ct. App. Sept. 18, 2001), an auto repair shop installed an air conditioner in a dump truck owned by a car dealership. After service was completed, the repair shop's employee was driving the truck back to the dealership when he became involved in an accident. The repair shop's insurer commenced a declaratory action to establish that the dealership's insurer provided primary coverage, while the dealership's insurer counterclaimed that the driver and the repair shop did not qualify as insureds under its Auto Sales Exception provision. The Chrysler Ins. court affirmed the trial court's determination that the repair shop employee driver was not an insured under the dealership's policy. However, despite the fact that the driver was not an insured under the dealership's policy, the Michigan Court of Appeals held that "it violated public policy for the owner of the dump truck…to fail to provide coverage for a permissive user." Id. at 6. As such, the Court of Appeals held that the provision violated the No-Fault Act and the dealership was obligated to insure the driver for at least the $20,000/$40,000 minimum legal requirement under M.C.L. § 500.3009(1).

---

[3] In its Response, Brooklyn Ford cited a third unreported Michigan Court of Appeals case, Michigan Ins. Co. v. Lake Shore Elec. Of West Mich., Inc., 2006 WL 1479913 (Mich. App. 2006), to support the argument that the Auto Sales Exception provision is enforceable and does not violate the No-Fault Act (Doc. 23). However, the facts in Lake Shore and the facts before the Court are not comparable. In Lake Shore, the court found that the driver was not entitled to coverage because he was outside the scope of permissive use. In contrast, there is no dispute that Maher was acting within the scope of Brooklyn Ford's permission at the time of the accident.

**b.**

In the second case, the Michigan Court of Appeals addressed an Auto Sales Exception provision similar to the provision in Federated's policy five years later in Amerisure Inc. v. Brennan, 2006 WL 3733283 (Mich. Ct. App. Dec. 19, 2006). There, an auto dealership loaned a vehicle it owned to an auto broker for the broker's use over a weekend in an auto show. An employee of the auto broker was driving the vehicle during the on-loan weekend when he was involved in an accident. The trial court determined that the driver was a permissive user insured under the dealership's policy. The Amerisure court reversed, noting that the trial court "ignored or overlooked" the section of the dealership's policy that "excepts from the definition of 'insured' 'someone using a covered 'auto' while he or she is working in the business of selling, servicing, repairing or parking 'autos' unless that business is [the named insured's]." Id. at *3. However, the court ultimately held that the broker was not an insured under the terms of the dealership's policy because the driver was acting outside the scope of his permissive use of the vehicle at the time of the accident. Id. at *3. Here, there is no dispute that Maher was a permissive user of the Brooklyn Ford owned vehicle.

## B.  Federated's Coverage Obligations

Plaintiffs seek declaration that Federated has the primary duty to indemnify Maher up to the limits of the policy of insurance Federated issued to Brooklyn Ford.

Federated says that if the Auto Sales Exception violates the No-Fault Act, its maximum liability is the statutory minimum. [4] Citizens Ins., 531 N.W.2d at 142.

---

[4] M.C.L. § 500.3009(1): (1) An automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall not be delivered or issued for delivery in this state with

In response, Plaintiffs argue that the holding in <u>Citizens Ins.</u> means that, at a minimum, the insurance coverage is for the statutory amount, but that <u>Citizens Ins.</u> does not restrict coverage to <u>only</u> the statutory requirements. The Court agrees. Federated's argument ignores <u>Auto-Owners Ins. Co. v. Martin</u>, 284 Mich. App. 427 (2009), which says that when a policy contains an invalid exclusionary provision, the offending language is deleted and the remaining policy is intact. <u>Martin</u>, 284 Mich. App. at 448. Further, the court in <u>Farmers Ins. Exch. v. Kurzmann</u>, 257 Mich. App. 412 (2003), ruled that in circumstances where the insurer knows or should know that an exclusionary clause in its policy is invalid, the insurer is primarily liable up to the limits of its policy. <u>Kurzmann</u>, 257 Mich. App. at 419-20, 422. The court in <u>Kurzmann</u> stated that it saw no reason why the owner's carrier should benefit from the statutory limits when they knowingly relied on an invalid exclusionary provision in their policy and nevertheless permitted its insured to purchase a policy with increased coverage. <u>Id</u>. at 422.

As such, because Federated is relying on an invalid exclusion in its policy, the Auto Sales Exception provision is void and Federated is responsible for Maher's defense and indemnity up to the limits of the policy it issued to Brooklyn Ford that was in effect at the time of the accident.

---

respect to any motor vehicle registered or principally garaged in this state unless the liability coverage is subject to a limit, exclusive of interest and costs, of not less than $20,000.00 because of bodily injury to or death of 1 person in any 1 accident, and subject to that limit for 1 person, to a limit of not less than $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident, and to a limit of not less than $10,000.00 because of injury to or destruction of property of others in any accident.

## C. Duty to Defend

Plaintiffs also seek declaration that Federated is obligated and has a duty to reimburse Selective for the defense costs it incurred in the defense of the claims asserted against Maher in the underlying case.

Federated argues that, if Maher is determined to be an insured under the Federated Policy, Selective should provide co-primary coverage. Federated further says that this Court cannot decide the priority of coverage, because Selective's policy is not in the record; as such, a motion for judgment on the pleadings is premature. Federated's argument lacks merit. "The no-fault act unambiguously requires that a policy of automobile insurance…must provide coverage for residual liability rising from use of the vehicle so insured." Citizens Ins., 448 Mich. at 229. Similarly, the court in Flint Auto Auction Inc. v. Universal Underwriters Ins. Co., 2013 WL 6409984 at *5 (E.D. Mich. 2013), held that the vehicle owner's carrier "must provide the primary liability insurance up to the limit of its garage policy" and indemnify for defense costs. Likewise, the Court of Appeals in Auto-Owners Ins. Co. v. Martin held that a dealership's insurance provider was "obligated to defend" a driver in Maher's position and that the driver's employer's insurance was "entitled to reimbursement for those costs." Id.

Therefore, Federated has the primary duty to defend and indemnify Maher up to its policy limits.

## V. CONCLUSION

For the reasons stated above, Plaintiffs' motion for judgment on the pleadings is GRANTED. Accordingly, the Court finds that:

(1) Federated is obligated to provide Maher's primary defense in the underlying

case;

(2) Federated has the primary duty to indemnify Maher up to the limits of the

policy issued to Brooklyn Ford that was in effect at the time of the underlying

accident;

(3) Federated is obligated and has a duty to reimburse Selective for the defense

costs it incurred in the defense of the claim asserted against Maher in the

underlying case.

SO ORDERED.

<u>s/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2015
Detroit, Michigan